**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GEORGE WEEMS WARD,**

   Plaintiff,

vs.                                          Case No. 4:21-CV-00039-AW-MAF

**TONY SMITH,
FRANKLIN COUNTY SHERIFF,**
et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, George Weems Ward, while a pretrial detainee at Franklin County Jail, initiated this case on January 17, 2021, pursuant to 42 U.S.C. § 1983. ECF No. 1. Ward is proceeding *in forma pauperis*. ECF No. 9. Ward submitted his second amended complaint on May 11, 2021. ECF No. 17. The Undersigned conducted an initial screening of the operative complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A. For the reasons stated, it is recommended that the claims alleging unsanitary jail conditions, in violation of the Fourteenth Amendment, PROCEED at this stage, but all other claims be DISMISSED.

**I.   Ward's Second Amended Complaint, ECF No. 17.**

Ward's operative complaint raises distinct sets of factual allegations:

(1) constitutional violations relating to an illegal search of his residence and arrest; (2) the lack of law books at the jail and the jail's failure to provide legal services violates his right to access the courts; and (3) constitutional violations stemming from unsanitary conditions at the jail, which negatively impacted his health. ECF No. 17, pp. 5-8. Ward names just one defendant, Sheriff Tony Smith, in his individual and official capacity. Id., pp. 1-2.

First, Ward claims that on September 24, 2019, Sheriff Smith "and or some combination of those under his" control "forcefully" entered his residence and conducted a search without a lawful warrant. Id., p 5. Officers also searched a neighboring residence belonging to Kendra Croom (a confidential informant) and found drugs and other paraphernalia. Id. Subsequently, Ward was "improperly" arrested and taken to Franklin County Jail. Id., p. 7. Ward alleges that "Defendants . . . falsifi[ied] and or fabricat[ed] [the] . . . warrant." Id., p. 6.

Second, Ward alleges that "Defendant[s] failed to provide reasonable legal services at the jail . . . removed . . . or eliminated all law books from the library, and failed to provide those trained in matters of law to assist him in the preparation of petitions such as this." Id., p. 8.

Finally, Ward claims that during his near two-year detention at the jail, he "has developed an [acute] respiratory disorder" resulting from unsanitary

conditions. Id., p. 7. Ward describes the housing areas as having "black mold growth on walls, in the ventilation systems, accompanied by heavy dust settlement"; and attempts to "paint over the mold" had little success in remedying the situation. Id. Ward claims he has incurred $53,820 in medical expenses and seeks the same in relief; compensatory damages for future medical costs; and punitive damages. Id., p. 11. Ward also asks the Court to issue instructions to the jail to provide him with legal resources. Id.

## II.    Standard of Review

Ward is a prisoner seeking redress against governmental entities, employees, or officers. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. § 1915A; see also Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court determines a complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "[t] state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To '[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404, U.S. 519, 520 (1972) (*per curiam*). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

**III.   Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994).**

In its prior order to amend, the Court advised Ward that his Fourth- and Fifth Amendment claims alleging an illegal search and arrest would likely be

barred under the Younger Abstention Doctrine. ECF No. 16. At the time, on April 26, 2021, the Court took judicial notice of the criminal proceedings, which were pending in Franklin County. See Franklin County Case Nos. 2019CF000183, -184, and -185.[1] It is well-settled that federal courts may not enjoin state court proceedings. Younger v. Harris, 401 U.S. 37, 41 (1971). Under Younger, federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. See Middlesex, supra. However, since that time, Ward entered "no contest" pleas in all cases, on May 11, 2021. Younger no longer applies now that the cases are closed. Nonetheless, these claims remained barred under Heck v. Humphrey, 512 U.S. 477 (1994).

A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. The most obvious example of an action barred by Heck is one in which the plaintiff seeks damages directly attributable to conviction or confinement. "The Court's purpose was to limit the opportunities for collateral

---

[1] Criminal case records for Franklin County, Florida are available online at the following URL: https://www.civitekflorida.com/ocrs/county/19/.

attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the claim must be dismissed. Heck, 512 U.S. at 487.

Here, Ward had parallel criminal proceedings, namely, Franklin County Case Nos. 2019CF000183[2], -184[3], and -185[4], where he was charged with drug-related offenses stemming from the September 2019 arrest. In all cases, Ward, represented by counsel, entered a written "no contest" plea; was adjudicated guilty; and the court sentenced him to time served (598 days). One additional point is relevant, here. These convictions supported the revocation of probation in Ward's prior criminal cases: Franklin County Case Nos. 2016CF000169, -170, and -171. As of the date of the drafting of this Report, Ward has not filed any habeas petitions or direct appeals in the criminal cases associated with the September 2019 arrest.

---

[2] Ward pled to possession of a controlled substance with intent.
[3] Ward pled to sale of a controlled substance - methamphetamine.
[4] Ward pled to sale of a controlled substance - methamphetamine.

Here, Ward's convictions are the result of his written pleas and are pursuant to the judgment of the state court. Thus, because Ward seeks to recover damages for constitutional violations which could render his convictions invalid, his claims are barred by Heck and should be dismissed.

## IV. Ward's Claims Alleging Denied Access to the Courts Should be Dismissed.

Ward generally claims that Sheriff Smith violated his right to seek redress of certain grievances by removing law books from the library and failing to provide reasonable legal services to assist him with preparing petitions and grievances. First, there is no constitutional right to a grievance procedure. Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977). Nonetheless, "[p]risoners have a constitutional right to adequate, effective and meaningful access to the courts." Bonner v. City of Prichard, 661 F.2d 1206, 1212 (11th Cir.1981) (internal quotations omitted). Thus, prison authorities are required to "assist inmates in the preparation and filing of meaningful legal papers by providing adequate libraries or adequate assistance from person trained in the law." Straub v. Monge, 815 F.2d 1467, 1469 (11th Cir. 1987). "However, in order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury. Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded

by a deficiency in the prison library or in a legal assistance program or by an official's action." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).

Here, Ward has not provided sufficient facts for his claim to survive. Ward offers "a legal conclusion couched as a factual allegation." See Twombly, 550 U.S. at 555. Moreover, Ward was represented by counsel, Lucas Style Lanasa, during his criminal proceedings and points to suffering no actual injury. To the contrary, Ward has litigated this case for the past six months by filing multiple amended complaints. Therefore, this claim should be dismissed for failure to state a claim.

## V. Ward's Claims Alleging Unsanitary Prison Conditions Should Proceed against Sheriff Smith in his Official Capacity.

Unsanitary conditions of confinement violate the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). Under the Fourteenth Amendment, pretrial detainees are afforded the same protection. Danley v. Allen, 540 F.3d 1298, 1310 (11th Cir. 2008). The Court considers two components in its analysis of Eighth Amendment conditions of confinement claims. Hudson, 503 U.S. at 8. First, under the "objective component," the prisoner must demonstrate that (1) the deprivation alleged is "sufficiently serious." Farmer

Case No. 4:21-CV-00039-AW-MAF

v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Only "extreme deprivations" sufficiently state a conditions-of-confinement claim. Hudson, 503 U.S. at 9. "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

Second, the prisoner must satisfy the "subjective component." Wilson, 501 U.S. at 299. He must demonstrate that the defendant "acted with a sufficiently culpable state of mind with regard to the conditions at issue. The proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289 (citations omitted). That is, the defendant knew of and disregarded an excessive risk to prisoner health and safety. Farmer, 511 U.S. at 837. "[T]he [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "Negligence does not suffice to satisfy this standard." Chandler, 379 F.3d at 1289.

Here, Ward alleges that unsanitary conditions are severe; and, for twenty months, he has been exposed to "the housing areas [with] black mold growth on [the] walls, in the ventilation systems, accompanied by heavy dust settlement," causing an acute respiratory disorder. ECF No. 17, p. 7. At this

stage in the litigation, the Court accepts Ward's allegations as true and should find that they are sufficiently serious to implicate the Fourteenth Amendment and satisfy the objective component of the condition of confinement analysis.

Next, the Court determines whether Sheriff Smith knew of or disregarded an excessive risk to Ward's health and safety. The Court presumes that Ward listed Sheriff Smith as a defendant because he is responsible for the jail conditions. But Ward provides no set of facts to demonstrate that Sheriff Smith personally knew of or disregarded the risk by any personal action or inaction. Therefore, without facts supporting the subjective component, the claims against Sheriff Smith, at least in his individual capacity, necessarily fail.

What remains then is Ward's allegation that Sheriff Smith is liable in his official capacity. However, liability under § 1983, must be based on more than one's supervisory position. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of *respondeat superior* or vicarious liability.'" Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994)). To hold a supervisory official liable, Ward must demonstrate that either (1) Sheriff Smith actually participated in the alleged

constitutional violation, or (2) there is a causal connection between Sheriff Smith's actions and the alleged objectionable conditions. Id. As previously stated, Ward has not alleged that Sheriff Smith personally caused, contributed to, or had any involvement with the unsanitary conditions at the jail. However, a causal connection can be shown when (1) "a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; (2) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so" or (3) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Ward provides no set of facts that establish a custom or policy but does state that the mold was just painted over in areas, which can support an inference that Sheriff Smith directed his subordinates to maintain the allegedly unsanitary conditions.

Additionally, a causal connection may be established by "widespread abuse." The Eleventh Circuit sets a high standard for demonstrating "widespread abuse." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) "[D]eprivations that constitute widespread abuse sufficient to notify the

supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Id. "[A] causal connection could be established by a widespread history of [unsanitary conditions] at the [Franklin County Jail] . . . sufficient to notice [Sheriff Smith] of these objectionable conditions." Id. Ward alleges the unsanitary conditions were on-going at least since his arrival in September 2019 and that he suffers from a chronic or acute respiratory disorder as a result of these conditions, although he does not allege that any other inmates suffered similarly. Based on Ward's allegations, an argument could be made that there has been a widespread history of unsanitary conditions that made him seriously ill at the jail. Thus, construed liberally, as required at this stage in the litigation, Ward's Fourteenth Amendment claim against Sheriff Smith cannot be dismissed as frivolous or failing to state a claim.

## VI.  Conclusion and Recommendation

It is respectfully recommended that:

1. the Fourteenth Amendment claims against Sheriff Smith, in his official capacity, **PROCEED**;

2. the Fourth and Fifth Amendment claims be **DISMISSED** as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

3. all other claims be **DISMISSED** for failure to state a claim; and

4.     that the case be remanded to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on May 21, 2021.

        **/s/ Martin A. Fitzpatrick**
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).