# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEORGE WEEMS WARD,**

    **Plaintiff,**

v.                                               Case No. 4:21-cv-39-AW-GRJ

**TONY SMITH, FRANKLIN COUNTY SHERIFF,**

    **Defendant.**

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING CASE

George Ward was a pretrial detainee in the Franklin County Jail. He sued the Sheriff and other officials, citing unsafe jail conditions (mold)—and contending he was illegally detained and denied access to a means of copying his legal filings. His operative complaint is the Second Amended Complaint, which includes a single defendant, Franklin County Sheriff Tony Smith. ECF No. 17.[1]

The magistrate judge recommends dismissal of all but one claim—the Eighth Amendment claim relating to mold in the jail. ECF No. 18. Ward has not filed any objection. I agree with the magistrate judge in part, and I conclude that the complaint should be dismissed in its entirety.

---

[1] According to the magistrate judge's May 21, 2021 report and recommendation, Ward is no longer a pretrial detainee, having pleaded no contest to the charges that led to his detention. ECF No. 18 at 6.

1

First, Ward's Count I alleges "Defendant(s)"[2] violated Ward's "Fourth and Fifth Amendment rights to be free from . . . unreasonable search and seizure." ECF No. 17 at 10. His contention is that officers (including the Sheriff) unlawfully seized him and conducted a warrantless search of his residence. The magistrate judge recommends dismissal based on *Heck v. Humphrey*, noting that with the no-contest pleas entered, Ward now essentially asks this court to declare the invalidity of his convictions. At any rate, even putting *Heck* aside, Ward has not pleaded sufficient nonconclusory allegations against the lone defendant to support his claim. He has had multiple opportunities to amend. Therefore, Count I will be dismissed with prejudice for failure to state a claim.

In Count II, Ward alleges that "Defendant(s)" violated the Eighth Amendment by providing "unsafe environmental conditions." ECF No. 17 at 10. More specifically, he alleges that there was mold in the jail that "in part, or in whole" led to "an acute respiratory disorder." *Id*. at 7.

Unsafe prison conditions can constitute Eighth Amendment violations.[3] I agree with the magistrate judge that there are no allegations that the Sheriff was

---

[2] There is a single defendant, the Sheriff.

[3] As a pretrial detainee, Ward's rights came from the Fourteenth Amendment's Due Process Clause—not the Eighth Amendment—but "the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

personally involved in the mold problem, so I agree the claim for individual liability must be dismissed. But I also conclude that the official-capacity component is subject to dismissal because Ward has not alleged enough.

First, Ward had to allege facts showing that he faced a substantial risk of serious harm and that the Sheriff was deliberately indifferent to that risk. *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020). Although there are allegations that someone knew of the mold and tried to paint over it, there are no allegations to support a plausible claim that anyone knew of a "substantial" risk of harm from the mold—much less that anyone was deliberately indifferent to such a risk. *Cf. Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'"). There is no allegation, for example, that anyone knew the type of mold could cause injuries or otherwise harm inmates. There is likewise no allegation that nobody attempted to remediate the mold. The allegation that someone painted over it does not support a conclusion that there was a callous disregard of a known substantial risk.

Second, and as an independent basis for dismissal, Ward's complaint does not include allegations that would meet the *Monell* standard.[4] Even if the allegation that

---

[4] *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690 (1978).

*someone* painted over the mold supported a conclusion that someone in a supervisory position knew of the mold, it does not show that the injury flowed from a county policy or custom. There are no facts to plausibly suggest that there was a widespread history of dangerous mold exposure. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Even construing Ward's complaint liberally, I conclude he has not stated a claim for unsafe jail conditions, despite multiple attempts to do so. Count II will be dismissed with prejudice.

Last, I agree with the magistrate judge that Ward has not alleged sufficient facts to support his Access to Courts claim. Count III will also be dismissed with prejudice.

\*   \*   \*

The report and recommendation (ECF No. 18) is adopted in part. Other than Sections III and V, it is incorporated into this order. The clerk will enter a judgment that says, "Plaintiffs' claims are dismissed with prejudice for failure to state a claim." The clerk will then close the file.

SO ORDERED on July 26, 2021.

s/ *Allen Winsor*
United States District Judge